United States District Court
District of Massachusetts

```
_____
                              )
GREGORY SKILLMAN,             )
        Petitioner,           )
                              )
        v.                    )    Criminal No.
                              )    06-10205-NMG
UNITED STATES OF AMERICA,     )
        Respondent.           )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Petitioner Gregory Skillman ("Skillman") moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

I. **Background**

On August 3, 2007, a jury convicted Skillman of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). On November 20, 2007, the Court sentenced Skillman to 110 months in the custody of the Bureau of Prisons, followed by three years of supervised release and a $100 special assessment.

Thereafter, on September 15, 2010, Skillman moved, pro se, to vacate his sentence pursuant to 28 U.S.C. § 2255. He argued that, in considering his motion for a downward departure at sentencing, the Court improperly considered his three state court convictions for possession of marijuana and cocaine. He also claims that he was afforded ineffective assistance of counsel

("IAC") because his trial attorney failed 1) to challenge the 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) for possession of a weapon in connection with an assault on another person, 2) to obtain a vacatur of his prior state court convictions and 3) to conduct a meaningful investigation of a potentially exculpatory witness.

Skillman originally requested that the Court either re-sentence him or hold his petition in abeyance pending the vacatur of his state court convictions and receipt of an affidavit from a person he claims should have been investigated as a potential witness. Thereafter, on September 29, 2010, one of Skillman's state court convictions was vacated and a new trial was ordered based upon Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009).[1]

Before the Court are Skillman's motions to vacate and for re-sentencing and the government's motions for an order requiring Skillman's trial counsel to submit an affidavit and for an extension of time to file a response to Skillman's motions.

**II. Legal Analysis**

    **A. Motion for Re-Sentencing**

Skillman moves for re-sentencing pursuant to Mateo v. United States, 398 F.3d 126 (1st Cir. 2005), due to the vacatur of one

---

[1] It is unknown whether Skillman has appealed his two other convictions.

of his three prior convictions.  At sentencing, the guideline range was calculated to be 100-120 months on the basis of Skillman's Total Offense Level of 24 and Criminal History Category of VI.  The Court specifically stated at the sentencing hearing, however, that even if it disregarded six criminal history points that were awarded with respect to the contested convictions, Skillman would still fall in Criminal History Category V.  In that case, the guideline range would have been 92 to 115 months.  Thus, the Court noted that a 110-month sentence would fall within the adjusted guideline range and denied Skillman's motion for a downward departure.  As a result, the Court concludes that the recent vacatur of Skillman's state court conviction has no bearing on this Court's sentence and re-sentencing is unwarranted.

    B.   **Motion to Vacate**

The government maintains that Skillman's § 2255 petition is not ripe for resolution because Skillman failed to support his three claims of IAC with an affidavit, reference to the record or case law.  Indeed, Skillman's pleading is woefully lacking in any support for one of his IAC claims.  Since the government's opposition was filed, however, Skillman has submitted a memorandum of law in support of his § 2255 petition.  The government asks the Court

    1)   to establish deadlines for the defendant to provide evidentiary support and the government to respond to

>             the claims of IAC in Skillman's § 2255 petition, and
>
> 2)      to order Skillman's trial counsel, Attorney James S. Dilday, and a private investigator Mr. Donald Watts to disclose information relevant to Skillman's IAC claims.

The Court will allow government's motions.

By filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 and claiming IAC, Skillman has waived the attorney-client privilege to the extent that communications between him and his trial counsel would be necessary to prove or disprove his IAC claim. <u>Sena</u> v. <u>Spencer</u>, Civ. A. No. 05-10381, 2006 WL 568306, at *6 n.7 (D. Mass. Mar. 8, 2006). Consequently, the Court will authorize and direct Attorney Dilday to produce an affidavit addressing only his decisions as trial counsel relating to Skillman's three IAC claims.

In addition, because Petitioner has the burden of showing that Attorney Dilday's actions were not supported by a reasonable strategy and that the error was prejudicial, <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668 (1984), the Court will afford Skillman a reasonable opportunity to submit any additional documents he intends to produce in support of his IAC claims.

**ORDER**

In accordance with the foregoing,

1) defendant's motion for re-sentencing (Docket No. 76) is **DENIED**;

2) the government's motions for an order re: attorney-client privilege (Docket No. 74) and for an extension of time to file a response (Docket No. 78) are **ALLOWED**;

3) Attorney James S. Didlay is directed to provide, on or before July 15, 2011, to the Clerk of Court an affidavit addressing only his decisions as trial counsel relating to Petitioner Skillman's three claims of ineffective assistance of counsel;

4) Skillman's documentary support for his ineffective assistance of counsel claims, if any, will be submitted to the Court on or before August 5, 2011; and

5) the government's opposition to Skillman's § 2255 petition will be submitted on or before August 26, 2011.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 27, 2011