```
                    United States District Court
                      District of Massachusetts
_____
                               )
GREGORY SKILLMAN,              )
        Petitioner,            )
                               )
        v.                     )    Case No.
                               )    06-cr-10205-NMG
UNITED STATES,                 )
        Respondent.            )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

Gregory Skillman ("Skillman") was convicted by a jury on August 3, 2007 of Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1).  On November 30, 2007, the Court sentenced him to 110 months imprisonment and a 3-year term of supervised release.  Skillman appealed his conviction but it was upheld in June, 2009.  On September 15, 2010, Skillman filed this pro se petition pursuant to 28 U.S.C. § 2255.  On February 11, 2011, Skillman filed a Motion for Resentencing Pursuant to Vacatur of Prior Conviction (Docket No. 76) which the Court denied on June 27, 2011.

## I.  § 2255 Motion to Vacate

### A.  Standard

Section 2255 of Title 28 of the United States Code enables a prisoner in custody to move the court that imposed his sentence

-1-

to vacate, set aside or correct the sentence if it was 1) imposed in violation of the Constitution or laws of the United States or by a court that lacked jurisdiction, 2) in excess of the maximum authorized by law or 3) otherwise subject to collateral attack. 28 U.S.C. § 2255; David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). In each of those circumstances, the petitioner bears the burden of establishing the need for relief. David, 134 F.3d at 474. To warrant relief under section 2255, the petitioner must present "exceptional circumstances" that make the need for redress "evident." Id. (citing Hill v. United States, 368 U.S. 424, 428 (1962)). Judges sitting in review of § 2255 petitions are

> at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing.

United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

The Rules Governing Section 2255 Proceedings for the United States District Courts set forth a three-step process for reviewing § 2255 motions: 1) preliminary screening, 2) review to determine the necessity of holding an evidentiary hearing after discovery and expansion of the record and 3) decision following an evidentiary hearing. A district court will deny the motion at the preliminary screening stage if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b). The

First Circuit has described this standard as similar to the one governing Rule 12(b)(6) motions to dismiss under the Federal Rules of Civil Procedure, explaining that a § 2255 petition should be summarily dismissed

> if the [movant's] allegations, accepted as true, would not entitle [him] to relief, or if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990).

**B. Application**

Skillman advances three ineffective assistance claims. To prevail on a claim of ineffective assistance of counsel under the Sixth Amendment, the petitioner must show that counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness" and that prejudice resulted, meaning "but for his counsel's deficiency, there is a reasonable probability that [petitioner] would have received a different sentence." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010) (citing and quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984) and Porter v. McCollum, 558 U.S. 30, 453 (2009) (per curiam)).

Reasonableness is considered in light of "prevailing professional norms", rather than "best practices or most common custom." Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (citing Strickland, 466 U.S. at 690). The Court must examine

-3-

counsel's performance "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991). Moreover, the Court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Id. at 787 (quoting Strickland, 466 U.S. at 689). Indeed, "surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010) (citations omitted).

### 1. Witness Testimony

Skillman asserts in his petition that his counsel failed to obtain the testimony of a witness "J.S." at trial. Petitioner indicates in his brief, however, that he has "eliminated" this claim and thus the Court need not address it.

### 2. Sentence Enhancement Under USSG § 2K2.1(b)(6)(B)

Skillman argues that his counsel should have objected to the application of a 4-level sentence enhancement pursuant to USSG § 2K2.1(b)(6)(B). Skillman argues that: 1) testimony at trial did not establish by a preponderance of the evidence that an assault was committed with a firearm 2) the record did not establish each element of the assault by a preponderance of the evidence and 3) the application of this enhancement constituted impermissible double counting.

The fact that Skillman asserts he was "never charged with assault" is not relevant to the application of § 2K2.1 because the enhancement applies "regardless of whether a criminal charge was brought."  Furthermore, based on the evidence at trial and as summarized in the Presentence Report it is clear that the elements of criminal assault were proved by at least a preponderance of the evidence.  In fact, there was video evidence establishing that Skillman used the firearm in the commission of the assault and "M.J." testified at trial that Skillman pointed the firearm at his "midsection area."  The manager of the club also testified that "M.J." was visibly upset by the incident. This evidence adequately proved, by a preponderance of the evidence, that Skillman placed "M.J." in "reasonable apprehension that force may be used" and that the firearm was "connected" with the assault as required by § 2K2.1 (b)(6)(B).

Skillman's assertion that application of the sentencing enhancement was based on impermissible "double counting", particularly his reliance on United States v. Smith, 196 F.3d 676 (6th Cir. 1999), is also flawed. Unlike the defendant in Smith Skillman was convicted of a violation of 18 U.S.C., § 922(g) for Felon in Possession of a Firearm and Ammunition and not a violation of 18 U.S.C., § 924(c) for carrying a firearm during a crime of violence.  By virtue of being a felon in possession of a firearm he was guilty of the conduct proscribed by § 922(g).  It

was only his further commission of an assault on "M.J." that constituted conduct on which the § 2K2.1(b)(6) enhancement was based.

> [T]he crime of assault involves a sufficient distinction in conduct from the crime of posssession so as to constitute another felony for the purpose of § 2K2.1(b).

United States v. Lloyd, 361 F.3d 197, 204 (3d Cir. 2004).  Thus, Skillman's sentence did not result in impermissible double counting.

Because the application of the 4-level enhancement was appropriate and there were no factual or legal grounds on which to object counsel was not ineffective.

### 3. Vacatur of Prior Conviction

Finally, Skillman asserts that he should be resentenced on the ground that one of his prior convictions was vacated.  The Court specifically rejected that argument in its memorandum and order denying his motion for resentencing (Docket No. 82). As this Court stated at sentencing, even if the defendant's criminal history points were reduced, he would still have fallen into Criminal History Category V, which would have yielded a guideline range of 92 to 115 months, a range that encompasses the sentence imposed.  Furthermore, it is clear that Skillman cannot succeed on his petition because failure to anticipate a change in established law does not constitute ineffective assistance of counsel. Powell v. United States, 430 F.3d 490, 491.

III. **Certificate of Appealability**

    A.   **Standard**

Section 2253(c) of Title 28 of the United States Code provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner seeking a Certificate of Appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). The debatable-among jurists-of-reason standard is a low barrier. A claim is considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). The petitioner must, however, prove "something more than the absence of frivolity or the existence of mere good faith." Id. When a habeas petition contains more than one potential ground for relief, a court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

    B.   **Application**

Skillman contends that he was denied his Sixth Amendment right to effective assistance of counsel. As described above,

this Court concludes otherwise. Because reasonable jurists could not debate the outcome, a certificate of appealability is unwarranted.

## ORDER

Based upon the foregoing:

1) Petitioner's Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 71) is **DENIED**;

2) the petition for habeas corpus relief is **DISMISSED**; and

3) Petitioner will not be granted a Certificate of Appealability.

**So ordered.**

       /s/ Nathaniel M. Gorton
       Nathaniel M. Gorton
       United States District Judge

Dated April 3, 2013